AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Lakia S. Jackson | ) | Case No. 2:10 mj 234 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____March 2010____ in the county of ____Franklin____ in the ____Southern____ District of ____Ohio____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 856(a)(2) | knowingly manage or control any building for the purpose of unlawfully storing, or distributing cocaine |

This criminal complaint is based on these facts:
See attached affidavit

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Russell Moore Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____04/01/2010____

_____
*Judge's signature*

Terence P. Kemp U.S. Magistrate Judge
*Printed name and title*

City and state: ____Columbus, Ohio____

## **AFFIDAVIT**

Russell Moore, a Task Force Officer (TFO) with the United States Drug Enforcement Administration (DEA), being duly sworn, deposes and states:

## **INTRODUCTION**

1. Your Affiant is a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a) (2) (C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. Your Affiant has been a TFO since approximately February 2005 and has been involved with narcotics investigations since that time. Although your Affiant is assigned to work with DEA, your Affiant is and has been employed by the City of Westerville (Ohio) Police Department as a police officer since 1989. In 2000, your Affiant was assigned to the Detective Bureau.

2. Your Affiant has participated in and conducted numerous investigations of violations of various State and Federal criminal laws, including the unlawful possession with intent to distribute controlled substances, the distribution of controlled substances and conspiracy to possess with the intent to distribute and distribute controlled substances, in violation of Title 21, United States Code. These investigations have resulted in arrests of individuals who have possessed with the intent to distribute and distributed marihuana, cocaine, cocaine base, and heroin as well as other controlled substances. These various investigations have also resulted in seizures of illegal drugs and proceeds from the distribution of those illegal drugs.

1

Additionally, your Affiant has attended numerous courses related to narcotics trafficking, narcotics identification and narcotics investigation.

3. Your Affiant is familiar with the ways in which narcotic traffickers conduct their business, including methods of distributing narcotics, the use of home based telephones and the use of cellular telephones to facilitate their illegal activities. Your Affiant's training and experience as a Westerville Police Detective and as a Task Force Officer with DEA, as well as, your Affiant's conversations with Special Agents of DEA and local investigators familiar with narcotics trafficking form the basis of the opinions and conclusions set forth below.

4. This affidavit is being submitted in support of an application for a criminal complaint against **Lakia S. JACKSON**. Your Affiant has probable cause to believe that, in or about March 2010, in the Southern District of Ohio, **Lakia S. JACKSON** did manage or control any place, whether permanently or temporarily, that is, a residence located at 6336 **Royal Tern Crossing**, Gahanna, Ohio, either as an owner or occupant, and did knowingly and intentionally make available for use, with or without compensation, said place for the purpose of unlawfully storing and distributing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 856(a) (2). Your Affiant has set forth only those facts that your Affiant believes are necessary to establish probable cause to arrest **Lakia S. JACKSON.**

2

## BACKGROUND INFORMATION

5. Your Affiant has spoken with investigating detectives with the Franklin County Sheriff's Office in this investigation, reviewed reports and learned the substance, the following: on March 10, 2010 members of the DEA Columbus District Office and The Franklin County Sheriff's Office executed a State of Ohio search warrant at **6336 Royal Tern Crossing**, the residence of **Sheron Sanchez Phipps,** the subject of a long term narcotic investigation. At the search warrant agents and investigating officers confiscated and seized items including but not limited to: cocaine in the amount of 13.6 grams, a Smith and Wesson .40 caliber firearm, a Smith and Wesson 9mm firearm, a Cobra .380 caliber firearm, ammunition, US currency totaling $12,155.00, a cocaine press, two large metal containers of Acetone, a large container of Inositol, one hundred and one (101) unit doses of Oxycodone, digital scales and miscellaneous drug paraphernalia. **Lakia S. JACKSON,** the lessee of the apartment and girlfriend of **SHERON SANCHEZ PHIPPS,** was present at the time of entry, and agreed to be interviewed by agents on the scene. **Lakia S. JACKSON**, hereinafter referred to as **JACKSON,** was mirandized and waived her constitutional rights.

3

A. According to **JACKSON**, **JACKSON** has been dating **SHERON SANCHEZ PHIPPS**, hereinafter referred to as **PHIPPS,** for approximately the last two and a half years. In early 2008, six months into dating **PHIPPS**, **JACKSON** got pregnant by **PHIPPS** and in December 2008, gave birth to two twin boys. **JACKSON** stated that she, **PHIPPS** and the two children have lived at this residence of **6336 Royal Tern Crossing** since March of 2009. This was verified by the lease agreement obtained from the rental office of Preserve Crossing. The lease agreement clearly indicates that **JACKSON** was the sole lessor for the address of **6336 Royal Tern Crossing**, with the only additional occupants being her two infant children. **JACKSON** stated each month she paid half the rent while **PHIPPS** paid the other half of the rent to the address of **6336 Royal Tern Crossing.**

B. **JACKSON** told detectives that since meeting and living with **PHIPPS** that **JACKSON** is unaware of any meaningful employment obtained by **PHIPPS**. Detective Durbin had already confirmed this by verifying through a subpoena to the Ohio Department of Taxation, that **PHIPPS** has not filed taxes in the years from 2006 through 2008 as of December 30, 2009. **JACKSON** told detectives **PHIPPS** only source of income had been through narcotic trafficking. **JACKSON** wrote a statement at the scene verifying that the firearms, (with the exception of a pink .380 caliber), cocaine and US currency recovered during the search warrant belonged to solely **PHIPPS**. **JACKSON** stated at one point she

4

5

has counted $7,000.00 dollars from **PHIPPS** drug proceeds. Agents on the scene recovered a large sum of bundled money from a pillowcase on the bed shared by **PHIPPS** and **JACKSON**. **JACKSON** stated the bindle increments in the bundle should be banded in $1,000.00 dollars each. **JACKSON** stated that the money recovered from the pillow case were proceeds from **PHIPPS** drug trafficking.

    C. Furthermore, **JACKSON** told investigating detectives that when **PHIPPS** conducts drug trafficking activities at their residence, **PHIPPS** makes **JACKSON** retreat to and remain at other levels of the residence of **6336 Royal Tern Crossing**. **JACKSON** explained this behavior is because **PHIPPS** trust no one. **JACKSON** then explained to agents that previously they **(PHIPPS AND JACKSON)** have been robbed at gun point. **JACKSON** also mentioned that **PHIPPS** believed a prior live in girlfriend **BRANDY CLAYTOR**, the mother of his other child, had set him up to be robbed at their residence of 443 Streamwater Blacklick, Ohio. Investigating officers were familiar with this incident and a police report for burglary was filed. Along with this report were an officers written summary concerning the incident and statements by **BRANDY CLAYTOR** in reference to **PHIPPS** narcotic trafficking.

5

## CONCLUSION

6. Based on information contained in this affidavit, there is probable cause to believe that in or about from March 2008- March 2010, in the Southern District of Ohio, **Lakia S. JACKSON** did manage or control any place, whether permanently or temporarily, that is, a residence located at **6336 Royal Tern Crossing.**, Gahanna, Ohio, either as an owner or occupant, and did knowingly and intentionally make available for use, with or without compensation, said place for the purpose of unlawfully storing and distributing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 856(a) (2).

Further your Affiant sayeth not.

Russell Moore
Task Force Agent
Drug Enforcement Administration

Subscribed and Sworn to before me
this **1st** day of **April** ,2010

Terence P. Kemp
U.S. Magistrate Judge
Southern District of Ohio